IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| SIALA TAITO, on behalf of himself and a proposed class of all others similarly situated,<br><br>                       Plaintiff,<br><br>     v.<br><br>FEDERAL EXPRESS CORPORATION,<br><br>                       Defendant. | Case No.: 2:21-cv-2599<br><br>JURY TRIAL DEMANDED |

**CLASS ACTION COMPLAINT**

Plaintiff Siala Taito, by and through his attorneys, on behalf of himself and a proposed class of all others similarly situated, alleges as follows:

**I.        NATURE OF ACTION AND INTRODUCTION**

1.        Defendant Federal Express Corporation ("FedEx Express") is a shipping company offering express package delivery services under the brand of its parent corporation, FedEx Corporation. FedEx Express is the world's largest express transportation company.

2.        FedEx Office and Print Services, Inc. ("FedEx Office") is an operating segment of FedEx Corporation that provides retail access to FedEx Corporation's package transportation businesses, including FedEx Express. FedEx Express solicits customers to purchase express package service at FedEx Office retail stores.

3.        FedEx Express offers different rates for different promised delivery speeds. For example, priority overnight service for delivery by the next morning is substantially more expensive than standard overnight service for delivery by the next afternoon, and standard overnight service is substantially more expensive than second-day service. FedEx Express's rates

are substantially higher than rates charged by ground carriers offering slower service.

4.  FedEx Express has a very poor record for delivering packages within the promised delivery time. In recent months, for example, only 71% of FedEx Express's deliveries have been on time.[1] FedEx Express routinely charges its customers for a certain promised delivery speed, delivers at a slower speed, and then retains the full charge.

5.  Time is of the essence in the express transportation package business. FedEx Express breaches its contracts with customers when it fails to deliver packages on time according to the promised delivery speed.

6.  FedEx Express has documents on its corporate website purporting to set forth the terms and conditions of its express package services. These purported terms and conditions state that a customer seeking a refund in the event of a service failure must provide notice within 15 days of tendering the package. The purported terms and conditions also state that the customer agrees not to sue FedEx Express as a class plaintiff.

7.  FedEx Express, however, does not communicate these purported terms and conditions to customers purchasing express package service at FedEx Office stores. Customers purchasing express package service at FedEx Office stores without charging the purchase to an account[2] do not assent to FedEx Express's purported terms and conditions. These customers are simply not bound by FedEx Express's purported terms and conditions.

---

[1] *See* Thomas Gryta, *FedEx to Ramp Up Spending to Ease Delivery Delays*, WALL ST. J. (June 24, 2021), https://www.wsj.com/articles/fedex-suspended-service-for-1-400-freight-customers-11624527003.

[2] While FedEx Express requires customers creating accounts to assent to the terms and conditions set forth in documents on its corporate website, it does not require customers to create an account in order to purchase express package service at FedEx Office stores. Customers may purchase express package service at FedEx Office stores with a credit card, debit card or cash, without providing any account information.

2

8. This class action for breach of contract seeks to recover damages on behalf of individuals and entities (i) who purchased express package service at a FedEx Office store without charging the purchase to an account, (ii) for whom FedEx Express failed to deliver the package on time according to the speed for which the customer paid, and (iii) for whom FedEx Express failed to refund the amount paid for express package service.

## II.  JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction over this class action pursuant to the Class Action Fairness Act of 2005. The matter in controversy exceeds $5,000,000 exclusive of interest and costs, and Plaintiff and other members of the class are citizens of a state different from the Defendant. *See* 28 U.S.C. § 1332(d).

10. The Defendant is subject to personal jurisdiction in this district and division.

11. Venue of this class action is proper pursuant to 28 U.S.C. § 1391(b).

## III.  PARTIES

12. Plaintiff Siala Taito is an individual who is a resident of the State of Hawaii.

13. Defendant FedEx Express is a Delaware corporation with its principal place of business in Memphis, Tennessee. FedEx Express is a wholly owned subsidiary of FedEx Corporation but is separately incorporated and distinct from FedEx Corporation.

## IV.  SUBSTANTIVE ALLEGATIONS

**A.  FedEx Office's Standardized Procedure for Customers Purchasing Express Package Services at FedEx Office Stores Without Charging the Purchase to An Account**

14. An in-store customer purchasing FedEx Express service interfaces with a FedEx Office representative at a service counter. Speaking with the customer, the representative asks the customer for the recipient address and sender address and enters this information into an electronic

system. Next, the representative goes over the available delivery service speed options with the customer and the rate for each such option, and the customer notifies the representative which option the customer has selected.

15. The recipient address and sender address entered by the representative into the electronic system are then displayed on the screen of a payment pin pad on the service counter. Continuing to speak with the customer, the representative instructs the customer to confirm that the address information is correct and then to click "Ship":



After the customer clicks "Ship" with a finger or a stylus pen, a payment screen appears on the pin pad and the representative instructs the customer to pay for the service using a credit card, debit card or cash. Once the payment is successfully processed, the representative hands the customer a receipt.

16. The procedure for in-store customers purchasing express package without an

4

account described above is uniform in all material respects across FedEx Office stores within the United States.

> **B.     Customers Purchasing Express Package Services at FedEx Office Stores Without Charging the Purchase to An Account Do Not Assent to FedEx Express's Purported Terms and Conditions of Service**

17.     Under FedEx Office's standardized procedure, a customer purchasing express package service at a FedEx Office store is never presented with any document purporting to contain the terms and conditions of service or any summary thereof.

18.     As discussed *supra*, the customer is instructed by the representative to verify that the address information displayed on the pin pad screen is correct and to press "Ship."

19.     On the right-hand side of the pin pad screen, the vertical rectangular shape is a scroll bar that can be operated with the customer's finger or a stylus pen:



5

To a customer standing at a service counter, looking at a pin pad screen, and instructed by a FedEx Office representative to verify that the address information is correct and to click "Ship," it is hardly obvious that the vertical rectangular shape is a scroll bar. FedEx Express can have no reasonable expectation that a customer will identify the scroll bar and then scroll down before clicking "Ship" under these circumstances.

20. If the customer does happen to scroll down to the very bottom of the page, a message stating that the customer agrees to FedEx Express's terms and conditions becomes visible.

21. Importantly, the customer does not need to scroll down to see the "terms and conditions" message in order to press "Ship" and to be directed to the payment screen.

22. The bottom of the page contains no information about the purported terms and conditions other than the message indicating that the terms and conditions apply. Further, there is no hyperlink to a document containing the purported terms and conditions; there is no way for a customer to access the purported terms and conditions or any summary thereof from the pin pad.

23. Any customer seeing the "terms and conditions" message and wishing to review these purported terms and conditions before completing the transaction would, as a practical matter, be required to cancel the transaction, locate the purported terms and conditions documents on FedEx Express's website from another device, and then proceed to the back of the line for the service counter if the customer wishes to proceed.

24. Most FedEx Office representatives interfacing with customers purchasing express package service at FedEx Office stores are unaware of the purported terms and conditions of service. Upon information and belief, FedEx Office does not train its representatives to notify customers of the existence of the purported terms and conditions.

25. FedEx Express can have no reasonable expectation that customers are aware of the existence of any purported terms and conditions, let alone have actual or constructive knowledge of the substance of the purported terms and conditions, when purchasing express package service at FedEx Office stores.

26. In-store customers purchasing express package services simply do not manifest assent to be bound by FedEx Express's purported terms and conditions.

### C. Either an Oral or Implied-In-Fact Contract Is Formed Each Time a FedEx Express Customer Purchases Express Package Service at a FedEx Office Store Without Charging the Purchase to an Account

27. As discussed *supra*, customers purchasing express package services at FedEx Office stores interface with FedEx Office representatives. As an agent for FedEx Express, the FedEx Office representative offers the customer rates for express package service. The customer manifests acceptance of the offer orally and/or by the customer's actions, including by clicking "Ship" on the pin pad screen. The customer pays for the service to complete the transaction.

28. There is plainly an intent to enter a contract on the part of the FedEx Office representative, acting as an agent for FedEx Express, and the customer. Such a contract is in fact formed. However, as discussed *supra*, FedEx Express's purported terms and conditions are not part of that contract because they are not presented to the customer, and the customer does not assent to them, during the formation of the contract.

29. While the receipt provided to the customer at the conclusion of the transaction contains the message "Terms and Conditions apply," FedEx Express's purported terms and conditions are simply not part of the contract.

### D. Plaintiff Taito Purchased Express Package Service at a FedEx Office Store and FedEx Express Failed to Deliver the Package On Time

30. Mr. Taito does not have a FedEx Express account.

31. On Friday, July 16, 2021, Mr. Taito presented a package at a FedEx Office retail store located at 129 Pohakulana Place in Honolulu, Hawaii. Mr. Taito interfaced with a FedEx Office representative at the service counter. The representative asked Mr. Taito for the delivery address, which is in Anchorage, Alaska, as well as for Mr. Taito's address. Next, the representative entered this address information into an electronic system. The FedEx Office representative then went over the various delivery speed options for express package service to the address in Anchorage, Alaska, as well as the rates for these service options, with Mr. Taito. Mr. Taito notified the representative that he wished to send the package via FedEx Express Priority Overnight for delivery the following day, Saturday, July 17, 2021. Mr. Taito verified that the address information entered by the representative into an electronic system and displayed on a pin pad screen at the service counter was correct, and Mr. Taito pressed "Ship." Mr. Taito paid $516.89 for the express package service by credit card. After the transaction was completed, the FedEx Office representative presented Mr. Taito with a receipt containing a tracking number. Mr. Taito was unaware of the existence of any purported terms and conditions for the service at the time the contract was formed.

32. FedEx Express delivered Mr. Taito's package on Monday, July 19, 2021, two days late, thereby breaching its contract with Mr. Taito. FedEx Express has failed to refund Mr. Taito any portion of the amount he paid for the express package service.

V. **CLASS ACTION ALLEGATIONS**

33. Plaintiff brings this action on behalf of himself and members of a class (the "Class") comprised of all individuals and entities who during the class period commencing September 23, 2019 until the resolution of this action (i) purchased express package service at a FedEx Office store located within the United States without charging the purchase to an account, (ii) for whom

FedEx Express failed to deliver the package on time according to the promised delivery speed for which the customer paid and (iii) for whom FedEx Express failed to refund the amount paid for express package service. The Class excludes Defendant, its affiliates, and class counsel.

34. This action meets the requirements of Rule 23 and is certifiable as a class action for the following reasons.

35. **Numerosity:** The Class is so numerous that joinder of all members is impracticable. While the exact number and identities of individual members of the Class is presently unknown, such information being in the possession of Defendant and obtainable by Plaintiff only through the discovery process, Plaintiff believes, and on that basis alleges, that millions of individuals and entities are members of the Class.

36. **Existence and Predominance of Common Questions of Fact and Law:** Common questions of law and fact exist as to all members of the Class which predominate over the questions affecting individual Class members. These common legal and factual questions include, but are not limited to:

    (a) whether or not the members of the Class assented to FedEx Express's purported terms and conditions of service during the process of purchasing express package service at FedEx Office stores;

    (b) whether or not the members of the Class entered oral or implied-in-fact contracts, rather than written contracts, with FedEx Express; and

    (c) whether FedEx Express's failures to deliver packages for members of the Class according to the promised delivery speeds for which they paid constitute breaches of contract.

37. **Typicality:** Plaintiff's claims are typical of the claims of the Class. Plaintiff is a member of the Class, and his experience with Defendant FedEx Express is representative of the experience of members of the Class in general.

38. **Adequacy:** Plaintiff is an adequate representative for the Class. His interests do not conflict with the interests of the Class that he seeks to represent. Plaintiff is committed to obtaining just relief for all Class members and has retained counsel with experience in breach of contract and class action litigation. The interests of the Class will be fairly and adequately protected by Plaintiff and his counsel.

39. **Superiority:** A class action is superior to other available methods for the fair and efficient adjudication of the disputes alleged herein because, *inter alia*, individual claims of Class members are impractical given that the costs of litigation far exceed any individual damages. Moreover, the data, documents and witnesses necessary to prove the existence of the contract and Defendant's breach thereof are common to all members of the Class.

## COUNT I

### Breach of Contract

40. Plaintiff repeats and realleges each of the allegations set forth in the foregoing paragraphs as if fully set forth herein.

41. Plaintiff and the Class members entered valid contracts with FedEx Express for the shipment of packages when they purchased express package service.

42. For each contract, FedEx Express promised to deliver the package within a certain timeframe according to the delivery option that Plaintiff or the Class member selected and paid for. And for each such contract, timeliness of the delivery was of the essence.

43.     FedEx Express breached its contracts in every instance where it failed to deliver in accordance with the speed of its delivery commitment.

44.     Plaintiff and the Class members fulfilled their obligations under the contracts.

45.     By breaching its contracts, FedEx Express has caused Plaintiff and each Class member to suffer damages.

## PRAYER FOR RELIEF

46.     Plaintiff, on behalf of himself and the Class, respectfully requests that this Court:

(a)     certify this action as a class action pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure;

(b)     conduct a jury trial on all issues so triable;

(c)     award Plaintiff and the Class damages, together with interest and costs; and

(d)     order any other relief it deems appropriate.

Dated: September 23, 2021

By:     /s/ Robert L.J. Spence, Jr.
Robert L. J. Spence, Jr. (TN Bar No. 12256)
Andrew M. Horvath (TN Bar No. 33862)
SPENCE PARTNERS
Cotton Exchange Building:
65 Union Avenue, Suite 900
Memphis, TN 38103
Tel: (901) 312-9160
rspence@spencepartnerslaw.com
ahorvath@spencepartnerslaw.com

Paul D. Malmfeldt (to seek admission *pro hac vice*)
Mark D. Liston (to seek admission *pro hac vice*)
MALMFELDT LAW GROUP P.C.
120 N. LaSalle Street, Suite 2000
Chicago, IL 60602
Tel: (312) 606-8625
pdm@malmfeldt.com
mdl@malmfeldt.com