## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

| | |
|---|---|
| SIALA TAITO AND FUAILILIA TAITO, on behalf of themselves and a proposed class of all others similarly situated,<br><br>      Plaintiffs,<br><br>  v.<br><br>FEDERAL EXPRESS CORPORATION,<br><br>      Defendant. | Case No.: 2:21-cv-02599-JPM-cgc<br><br>JURY TRIAL DEMANDED |

## AMENDED COMPLAINT – CLASS ACTION

Plaintiffs Siala Taito and Fuaililia Taito, by and through their attorneys, on behalf of themselves and a proposed class of all others similarly situated, allege as follows:

## I. NATURE OF ACTION AND INTRODUCTION

1. Defendant Federal Express Corporation ("FedEx Express") is a shipping company offering express package delivery services under the brand of its parent corporation, FedEx Corporation. FedEx Express is the world's largest express transportation company.

2. FedEx Express solicits customers to purchase express package service at "FedEx Ship Center" retail stores which, upon information and belief, are operated by FedEx Express. FedEx Express also solicits customers to purchase express package service at retail stores operated by FedEx Office and Print Services, Inc ("FedEx Office"), an operating segment of FedEx Corporation.

3. FedEx Express offers different rates for different promised delivery speeds. For example, priority overnight service for delivery by the next morning is substantially more expensive than standard overnight service for delivery by the next afternoon, and standard

overnight service is substantially more expensive than second-day service.[1] FedEx Express's rates are substantially higher than rates charged by ground carriers offering slower service.

4.     FedEx Express has a very poor record for delivering packages on time according to the promised delivery speed.  It has been reported, for example, that only 71% of FedEx Express's deliveries were on time earlier in 2021.[2] FedEx Express routinely charges its customers for a certain promised delivery speed, delivers at a slower speed, and then retains the full charge.

5.     Time is of the essence in the express package delivery business. FedEx Express breaches its contracts with customers when it fails to deliver packages on time according to the promised delivery speed.

6.     FedEx Express has documents on its corporate website purporting to set forth the terms and conditions of its express package services. These purported terms and conditions state that a customer seeking a refund in the event of a service failure must provide notice within 15 days of tendering the package. The purported terms and conditions also state that the customer agrees not to sue FedEx Express as a class plaintiff.

7.     FedEx Express, however, does not communicate these purported terms and conditions to customers purchasing express package service at FedEx Ship Center and FedEx Office retail stores. As set forth more fully herein, customers purchasing express package service at FedEx Ship Center and FedEx Office stores without charging the purchase to an account[3] do

---

[1] FedEx Express's standard list rates for domestic service are available on its website at: https://www.fedex.com/content/dam/fedex/us-united-states/services/FedEx_StandardListRates_2021.pdf. Its rate schedules refer to the promised delivery speed as the "Delivery Commitment."

[2] *See* Thomas Gryta, *FedEx to Ramp Up Spending to Ease Delivery Delays*, WALL ST. J. (June 24, 2021), https://www.wsj.com/articles/fedex-suspended-service-for-1-400-freight-customers-11624527003.

[3] While customers creating accounts may assent to FedEx Express's purported terms and conditions, FedEx Express does not require customers to create an account in order to purchase express package service at FedEx Ship Center and FedEx Office stores. Customers may purchase

not manifest assent to FedEx Express's purported terms and conditions. As there is no mutual manifestation of assent, the purported terms and conditions are not part of the contracts between FedEx Express and these customers.

8.     This class action for breach of contract seeks to recover damages on behalf of individuals and entities (i) who purchased express package service at a FedEx Ship Center store or FedEx Office store without charging the purchase to an account, (ii) for whom FedEx Express failed to deliver the package on time according to the speed for which the customer paid and (iii) for whom FedEx Express has not refunded any amount paid for the express package service.[4]

## II.     JURISDICTION AND VENUE

9.     This Court has subject matter jurisdiction over this class action pursuant to the Class Action Fairness Act of 2005. The matter in controversy exceeds $5,000,000 exclusive of interest and costs, and Plaintiffs and other members of the class are citizens of a state different from the Defendant. *See* 28 U.S.C. § 1332(d).

10.     The Defendant is subject to personal jurisdiction in this district and division.

11.     Venue of this class action is proper pursuant to 28 U.S.C. § 1391(b).

## III.     PARTIES

12.     Plaintiffs Siala Taito and Fuaililia Taito are individuals who are residents of the State of Hawaii.

---

express package service at FedEx Ship Center and FedEx Office stores with a credit card, debit card or cash without providing any account information.

[4] For clarity and avoidance of doubt, Plaintiffs do not allege the existence of any contractual term requiring Defendant to issue a refund to, or otherwise compensate, a customer. Rather, Plaintiffs submit a prayer for relief that, following a jury verdict in their favor, the Court enter judgment and award damages based on Defendant's breaches of contract. Plaintiffs define the proposed class to exclude customers having previously received any refund from Defendant on account of a late delivery because such customers' claims against Defendant have likely been resolved.

13.     Defendant FedEx Express is a Delaware corporation with its principal place of business in Memphis, Tennessee. FedEx Express is a wholly owned subsidiary of FedEx Corporation but is separately incorporated and distinct from FedEx Corporation.

## IV.     SUBSTANTIVE ALLEGATIONS

### A.     The Standardized Procedure for Customers Purchasing Express Package Services at FedEx Ship Center and FedEx Office Stores Without Charging the Purchase to an Account

14.     An in-store customer purchasing express package service at FedEx Ship Center and FedEx Office stores interfaces with a representative at a service counter. Speaking with the customer, the representative asks the customer for the recipient address and sender address and then enters this information into an electronic system. In addition, the representative may notify the customer of the delivery speeds offered by FedEx Express to the specified delivery address and the rates that FedEx Express offers for these service options. The customer notifies the representative which delivery speed service option the customer has selected. The representative enters the service option selected by the customer into the electronic system.

15.     The recipient address, sender address, and service option selected by the customer, which have been entered by the representative into the electronic system, are then displayed on the small screen of a payment pin pad at the service counter. The customer is prompted to confirm the shipment details by pressing "Ship":



After the customer presses "Ship" with a finger or a stylus pen, a payment screen appears on the pin pad. The payment screen on the pin pad displays the amount due from the customer for the selected express package service option at the rate offered by FedEx Express. The customer then tenders payment with a credit card, debit card or cash. Once the payment is successfully processed, the representative hands the customer a receipt.

16.     The procedure for in-store customers purchasing express package service without an account, as described above, is uniform in all material respects across FedEx Ship Center and FedEx Office stores within the United States.

**B.      Customers Purchasing Express Package Services at FedEx Ship Center and FedEx Office Stores Without Charging the Purchase to an Account Do Not Manifest Assent to FedEx Express's Purported Terms and Conditions of Service**

17.     Under the standardized procedure set forth above, a customer purchasing express package service at a FedEx Ship Center or FedEx Office store is never presented with any document purporting to contain the terms and conditions of service or any summary thereof.

5

18.     As discussed *supra*, the customer is prompted to confirm the shipment details by pressing "Ship" on a pin pad screen. The customer must press "Ship" to proceed with the transaction.

19.     On the right-hand side of this pin pad screen, the vertical rectangular shape is a scroll bar that can be operated with the customer's finger or a stylus pen:



20.     Customers are not required to use the scroll bar to press "Ship."

21.     Once the customer presses "Ship," a payment screen is displayed on the pin pad and the customer is prompted to tender payment for the express package service.  FedEx Express can have no reasonable expectation under the circumstances of the transaction that a customer will identify the scroll bar and then decide to scroll down before pressing "Ship."

22.     If the customer does happen to scroll down to the very bottom of the page before pressing "Ship," a message stating that the customer agrees to FedEx Express's terms and conditions becomes visible. However, the page contains no information about the purported terms

and conditions other than the message indicating that the terms and conditions apply. Further, there is no hyperlink to a document containing the purported terms and conditions; there is no way for a customer to access the purported terms and conditions or any summary thereof from the pin pad.

23.     Any customer scrolling down, seeing the "terms and conditions" message and wishing to review these purported terms and conditions before completing the transaction would, as a practical matter, be required to cancel the transaction, locate the purported terms and conditions documents on FedEx Express's website from another device, and then proceed to the back of the line for the service counter if the customer wishes to proceed.

24.     The payment screen that is displayed on the pin pad after the customer presses "Ship" does not contain any message relating to the purported terms and conditions.

25.     FedEx Express can have no reasonable expectation that customers are aware of the existence of any purported terms and conditions, let alone have actual or constructive knowledge of the substance of the purported terms and conditions, when purchasing express package service at a FedEx Ship Center or FedEx Office store.

26.     FedEx Express does not reasonably communicate to customers that the customer's act of pressing "Ship" on the pin pad screen and the customer's subsequent act of tendering payment to complete the transaction could bind the customer to FedEx Express's purported terms and conditions. Neither the customer's act of pressing "Ship" on the pin pad screen nor the customer's tender of payment for express package service constitutes a manifestation of assent on the part of the customer to the purported terms and conditions. Customers purchasing express package services at FedEx Ship Center and FedEx Office stores without an account simply do not manifest assent to be bound by the purported terms and conditions.

27.     While the bottom portion of the receipt provided to the customer after the

conclusion of the transaction states that "Terms and Conditions apply," this statement is meaningless and without effect because the purported terms and conditions are not part of the customer's contract with FedEx Express. FedEx Express cannot unilaterally bind the customer to its purported terms and conditions after the formation of the contract by providing the customer a receipt stating that its purported terms and conditions apply.

        **C.**    **An Implied-In-Fact Contract Is Formed Each Time a FedEx Express Customer Purchases Express Package Service at a FedEx Ship Center or FedEx Office Store Without Charging the Purchase to an Account**

      28.    FedEx Express offers express package service with varying rates based upon the promised delivery speed.

      29.    As discuss *supra*, a customer purchasing express package services at a FedEx Ship Center or FedEx Office store interfaces with a representative at a service counter. The representative asks the customer for the address information and inputs this information into an electronic system. The customer notifies the representative which delivery speed option offered by FedEx Express for the specified address the customer has selected, and the representative inputs this information into an electronic system. The recipient address, sender address, and service option selected by the customer are then displayed on the screen of a payment pin pad at the service counter. The customer is prompted to press "Ship." After pressing "Ship," a payment screen on the pin pad displays the amount that the customer must pay for the express package service at the rate for the service offered by FedEx Express.

      30.    By pressing "Ship" on the pin pad screen, tendering payment for the service with a credit card, debit card, or cash, and completing the transaction, the customer accepts FedEx Express's offer to provide express package service. An implied-in-fact contract is thereby formed.

      31.    The implied-in-fact contract entered between the customer and FedEx Express is

based on the promise of FedEx Express to deliver the package to the specified address within the time of the delivery commitment, and the customer's tender of payment for the service at the rate offered by FedEx Express.

32.     As discussed *supra*, FedEx Express's purported terms and conditions are not part of the contract because the customer does not manifest assent to them.

33.     FedEx Express's promise to deliver the package within the time of the delivery commitment is a material term of the contact.

34.     The implied-in-fact contracts for express package service entered between FedEx Express and customers purchasing service at FedEx Ship Center and FedEx Office stores without an account are uniform. The representatives interfacing with customers lack FedEx Express's authority to negotiate for any contract terms or to otherwise modify the express package service options or rates for service offered by FedEx Express. The representatives' role is solely to communicate to customers the express package service options and rates offered by FedEx Express and to otherwise facilitate the order flow process.

**D.     FedEx Express Entered an Implied-In-Fact Contract for Express Package Service with Plaintiffs and Subsequently Breached the Contract by Failing to Deliver the Package Within the Time of Its Delivery Commitment**

35.     Neither Mr. Taito nor Mrs. Taito has a FedEx Express account.

36.     On Friday, July 16, 2021, Mr. and Mrs. Taito purchased express package service at a FedEx Ship Center store located at 129 Pohakulana Place in Honolulu, Hawaii. The order flow process for Plaintiffs' transaction was the same in all material respects as that described in Paragraphs 14-34 *supra.*

37.     The package Plaintiffs presented to the representative at the service counter contained breadfruits. Mr. and Mrs. Taito intended that the breadfruits would be served at the wedding of Mrs. Taito's relative which took place the weekend of July 17, 2021.

38.     The representative asked them for the delivery address, which is in Anchorage, Alaska, and for their own address. The representative entered the address information into an electronic system. Plaintiffs told the representative that they wished to send the package for delivery the following day, Saturday, July 17, 2021. The representative entered the express package service option selected by Plaintiffs, "Priority Overnight," into the electronic system.

39.     The address information for the shipment and service option selected by Plaintiffs were then displayed on the screen of a payment pin pad at the service counter. Plaintiffs were prompted to confirm the shipment details and to press "Ship." After Mr. or Mrs. Taito pressed "Ship," a payment screen appeared on the pin pad which displayed the amount that Plaintiffs were required to pay for the selected express package service at the rate offered by FedEx Express. Mr. Taito then paid $516.89 with a credit card. After the transaction was completed, the representative presented Plaintiffs with a receipt containing a tracking number.

40.     By pressing "Ship" on the pin pad screen and tendering payment, thus completing the transaction, Plaintiffs accepted FedEx Express's offer to provide express package service. An implied-in-fact contract was thereby formed.

41.     Plaintiffs were not presented with any document containing FedEx Express's purported terms and conditions.

42.     Plaintiffs were not required to scroll down on the pin pad to press "Ship." Plaintiffs did not in fact scroll down.

43.     FedEx Express did not communicate to Plaintiffs that the act of pressing "Ship" on the pin pad screen and Mr. Taito's subsequent act of tendering payment to complete the transaction could bind Plaintiffs to FedEx Express's purported terms and conditions. Neither Plaintiffs' act of clicking "Ship" on the pin pad screen nor Mr. Taito's tender of payment for express package service represented a manifestation of assent by Plaintiffs to the purported terms and conditions.

44.     Plaintiffs did not manifest assent to be bound by FedEx Express's purported terms and conditions. As there was no mutual assent to the purported terms and conditions, these terms and conditions were not part of the contract that Plaintiffs entered with FedEx Express.

45.     The implied-in-fact contract was based on the promise of FedEx Express to deliver the package to the specified address within the time of the delivery commitment, and Mr. Taito's tender of payment for express package service at the rate offered by FedEx Express. FedEx Express's promise to deliver the package by July 17, 2021 was a material term of the contract.

46.     FedEx Express delivered the package on Monday, July 19, 2021, two calendar days late, thereby breaching its contract with Plaintiffs. Plaintiffs were thereby damaged. Plaintiffs have not received any compensation from Defendant on account of their claim.

## V.     CLASS ACTION ALLEGATIONS

47.     Plaintiffs bring this action on behalf of themselves and members of a class (the "Class") comprised of all individuals and entities who during the class period commencing September 23, 2019 until the resolution of this action (i) purchased express package service at a FedEx Ship Center or FedEx Office store located within the United States without charging the purchase to an account, (ii) for whom FedEx Express failed to deliver the package on time according to the promised delivery speed for which the customer paid and (iii) for whom FedEx

Express has not refunded any amount paid for express package service. The Class excludes Defendant, its affiliates, and class counsel.

48.     This action meets the requirements of Rule 23 and is certifiable as a class action for the following reasons.

49.     **Numerosity:** The Class is so numerous that joinder of all members is impracticable. While the exact number and identities of individual members of the Class is presently unknown, such information being in the possession of Defendant and obtainable by Plaintiffs only through the discovery process, Plaintiffs believe, and on that basis allege, that the class may be comprised of millions of individuals and entities.

50.     **Existence and Predominance of Common Questions of Fact and Law:** Common questions of law and fact exist as to all members of the Class which predominate over the questions affecting individual Class members. These common legal and factual questions include, but are not limited to:

> (a)      whether or not the members of the Class manifested assented to FedEx Express's purported terms and conditions of service during the process of purchasing express package service at a FedEx Ship Center or a FedEx Office store;
>
> (b)      whether or not the members of the Class entered implied-in-fact contracts with FedEx Express when purchasing express package service;
>
> (c)      whether FedEx Express's failures to deliver packages for members of the Class according to the promised delivery speeds for which they paid constitute breaches of contract.

51.   **Typicality:** Plaintiffs' claims are typical of the claims of the Class. Plaintiffs together are a member of the Class, and their experience with Defendant FedEx Express is representative of the experience of members of the Class in general.

52.   **Adequacy:** Plaintiffs are adequate representatives for the Class. Their interests do not conflict with the interests of the Class that they seek to represent. Plaintiffs are committed to obtaining just relief for all Class members and have retained counsel with experience in breach of contract and class action litigation. The interests of the Class will be fairly and adequately protected by Plaintiffs and their counsel.

53.   **Superiority:** A class action is superior to other available methods for the fair and efficient adjudication of the disputes alleged herein because, *inter alia*, individual claims of Class members are impractical given that the costs of litigation far exceed any individual damages. Moreover, the data, documents and witnesses necessary to prove the existence of the contract and Defendant's breach thereof are common to all members of the Class.

## COUNT I

### Breach of Contract

54.   Plaintiffs repeat and reallege each of the allegations set forth in the foregoing paragraphs as if fully set forth herein.

55.   Plaintiffs and the Class members accepted offers made by FedEx Express to provide express package services thereby entering implied-in-fact contracts with FedEx Express.

56.   For each contract, FedEx Express promised to deliver the package within a certain timeframe according to the delivery option Plaintiffs or the Class member paid for. And for each such contract, timeliness of the delivery was a material term of the contract.

57.     FedEx Express breached its contracts in every instance where it failed to deliver within the time of its delivery commitment.

58.     Plaintiffs and the Class members performed their obligations under the contracts by making payment.

59.     By breaching its contracts, FedEx Express has caused Plaintiffs and each Class member to suffer damages.

60.     The damages sought by Plaintiffs for themselves and on behalf of each Class member are based on the difference between (x) the amount that Plaintiffs or the other Class member paid for the selected express service option and (y) the amount that Plaintiffs or the Class member would have been required to pay at Defendant's standard list rate[5] for the slower express package service that Defendant in fact provided. For example, in Plaintiffs' case the damages calculation is based on the difference between (x) the amount that Plaintiffs paid on July 16, 2021, $516.89, which was for express package service with a delivery commitment of July 17, 2021 and (y) the amount that Plaintiffs would have been required to pay on July 16, 2021 for express package service with a delivery commitment of July 19, 2021, the date on which their package was in fact delivered.

## **PRAYER FOR RELIEF**

61.     Plaintiffs, on behalf of themselves and the Class, respectfully request that this Court:

---

[5] In the case of a Class member who purchased express package service at Defendant's slowest rate (third-day service), the damages calculation may be based on rates offered by FedEx Ground Package System, Inc., a business segment of FedEx Corporation offering ground-based package services with slower promised delivery speeds.

(a)     certify this action as a class action pursuant to Rule 23(b)(3) of the Federal
        Rules of Civil Procedure;

(b)     conduct a jury trial on all issues so triable;

(c)     award Plaintiffs and the Class damages, together with interest and costs;
        and

(d)     order any other relief it deems appropriate.

Dated: December 14, 2021

By:     /s/ Paul D. Malmfeldt
        Paul D. Malmfeldt (admitted *pro hac vice*)
        IL Bar No. 6288380
        Mark D. Liston (admitted *pro hac vice*)
        IL Bar No. 6299350
        MALMFELDT LAW GROUP P.C.
        120 N. LaSalle Street, Suite 2000
        Chicago, IL 60602
        Tel: (312) 606-8625
        pdm@malmfeldt.com
        mdl@malmfeldt.com

        Robert L. J. Spence, Jr.
        TN Bar No. 12256
        Andrew M. Horvath
        TN Bar No. 33862
        SPENCE PARTNERS
        Cotton Exchange Building:
        65 Union Avenue, Suite 900
        Memphis, TN 38103
        Tel: (901) 312-9160
        rspence@spencepartnerslaw.com
        ahorvath@spencepartnerslaw.com

        *Attorneys for Plaintiffs*

## <u>CERTIFICATE OF SERVICE</u>

I, Paul D. Malmfeldt, hereby certify that on December 14, 2021, I electronically filed a copy of the foregoing *Amended Complaint – Class Action* with the Clerk of the Court using the ECF/CM system, which will send electronic notice of the same to all counsel of record (shown below):

       Colleen Hitch Wilson
       Michael C. McLaren
       FEDERAL EXPRESS CORPORATION
       3620 Hacks Cross Road
       Memphis, TN 38125
       chitchwilson@fedex.com
       michael.mclaren@fedex.com

**<u>s/ Paul D. Malmfeldt</u>**
Paul D. Malmfeldt (admitted *pro hac vice*)