**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | | |
|---|---|---|
| SIALA TAITO, FUAILILIA TAITO, and KYDIA WASHINGTON, on behalf of themselves and a proposed class of all others similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) ) | |
| | ) | Case No. 2:21-cv-02599-JPM-cgc |
| v. | ) ) | |
| FEDERAL EXPRESS CORPORATION, | ) ) ) | |
| Defendant. | ) ) ) ) | |

---

**ORDER GRANTING DEFENDANT FEDERAL EXPRESS CORPORATION'S MOTION TO DISMISS**

---

Before the Court is Defendant Federal Express Corporation's ("FedEx") Motion to Dismiss Plaintiff's Second Amended Complaint, filed on February 1, 2022. (ECF No. 38.) For the reasons discussed below, FedEx's Motion to Dismiss is **GRANTED**.

**I.    BACKGROUND**

**a.  Procedural Background**

Plaintiffs filed a Second Amended Complaint ("SAC") on December 28, 2021 (ECF No. 36), after the Court granted Plaintiffs' Motion for Leave to File a Second Amended Complaint (ECF No. 34). Defendant filed this Motion to Dismiss on February 1, 2022. (ECF No. 38.) Plaintiffs filed a Response in Opposition on March 1, 2022. (ECF No. 44.) Plaintiffs then filed a

Notice of Errata correcting page two of their Response in Opposition.  (ECF No. 45.)  Defendant filed a Reply on March 15, 2022.  (ECF No. 46.)  The Court held a hearing on April 1, 2022.  (ECF No. 49.)

### b.  Factual Background

Plaintiffs allege that an implied-in-fact contract is created between FedEx and a customer when said customer does not have a FedEx account and purchases shipping services at a FedEx Ship Center or FedEx Office store.  (SAC, ECF No. 36 ¶¶ 15–35.)  Customers who have FedEx accounts are required to assent to FedEx's terms and conditions, which outline the process for obtaining a refund and contain an agreement not to sue as a class plaintiff; Plaintiffs contend, however, that customers without an account do not manifest assent to those terms and conditions. (Id. ¶¶ 6–7.)  Siala and Fuaililia Taito ("the Taitos") do not have FedEx accounts and purchased express package service at a FedEx Ship Center in Hawaii on July 16, 2021.  (Id. ¶¶ 36–37.)  The Taitos purchased Priority Overnight service to deliver a package the following day, July 17, 2021. (Id. ¶ 39.)  The package was actually delivered on July 19, 2021, and as a result, the Taitos allege a breach of the implied-in-fact contract.  (Id. ¶ 47.)  Similarly, Kydia Washington ("Ms. Washington") does not have a FedEx account and purchased express package service at a FedEx Office store in Brandon, Florida on October 21, 2021.  (Id. ¶¶ 48–49.)  Ms. Washington purchased Standard Overnight shipping in order to have the package delivered the following day, October 22, 2021.  (Id. ¶ 51.)  The package was delivered on October 25, 2021 instead, and as a result, Ms. Washington alleges that FedEx breached the implied-in-fact contract.  (Id. ¶ 59.)  Plaintiffs allege a class action on behalf of individuals without FedEx accounts who purchased express package service that FedEx failed to deliver on time and that did not receive any refund.  (Id. ¶ 60.)

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows dismissal of a complaint that "fail[s] to state a claim upon which relief can be granted."  A Rule 12(b)(6) motion permits the "defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true."  Mayer v. Mylod, 988 F.2d 635, 638 (6th Cir. 1993) (citing Nishiyama v. Dickson Cty., 814 F.2d 277, 279 (6th Cir. 1987)).  A motion to dismiss only tests whether the plaintiff has pled a cognizable claim and allows the court to dismiss meritless cases which would waste judicial resources and result in unnecessary discovery.  Brown v. City of Memphis, 440 F. Supp. 2d 868, 872 (W.D. Tenn. 2006).

When evaluating a motion to dismiss for failure to state a claim, the Court must determine whether the complaint alleges "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  If a court decides that the claim is not plausible, the case may be dismissed at the pleading stage.  Id. at 679.  "[A] formulaic recitation of the elements of a cause of action will not do."  Twombly, 550 U.S. at 555.  The "[f]actual allegations must be enough to raise a right to relief above [a] speculative level."  Ass'n of Cleveland Fire Fighters v. City of Cleveland, 502 F.3d 545, 548 (6th Cir. 2007) (quoting Twombly, 550 U.S. at 555).  A claim is plausible on its face if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556).  A complaint need not contain detailed factual allegations.  Twombly, 550 U.S. at 570.  A plaintiff without facts who is "armed with nothing more than conclusions," however, cannot "unlock the doors of discovery."  Iqbal, 556 U.S. at 678–79; Green

v. Mut. of Omaha Ins. Co., No. 10-2487, 2011 WL 112735, at *3 (W.D. Tenn. Jan. 13, 2011),

aff'd, 481 F. App'x 252 (6th Cir. 2012).

Assessing the facial sufficiency of a complaint ordinarily must be undertaken without resorting to matters outside the pleadings. Wysocki v. Int'l Bus. Mach. Corp., 607 F.3d 1102, 1104 (6th Cir. 2010). "[D]ocuments attached to the pleadings become part of the pleadings and may be considered on a motion to dismiss." Commercial Money Ctr., Inc. v. Illinois Union Ins. Co., 508 F.3d 327, 335 (6th Cir. 2007) (citing Fed. R. Civ. P. 10(c)); see also Koubriti v. Convertino, 593 F.3d 459, 463 n.1 (6th Cir. 2010). Even if a document is not attached to a complaint or answer, "when a document is referred to in the pleadings and is integral to the claims, it may be considered without converting a motion to dismiss into one for summary judgment." Commercial Money Ctr., 508 F.3d at 335–36. When evaluating a motion to dismiss, the Court may also take judicial notice of pertinent matters of public record, including bankruptcy filings. Signature Combs, Inc. v. United States, 253 F. Supp. 2d 1028, 1040 n.5 (W.D. Tenn. 2003).

## III.   ANALYSIS

### A.   *Plaintiffs' Imposition of an Unconditional Obligation is Pre-Empted by the ADA.*

Under the Airline Deregulation Act ("ADA"), state common law claims are preempted unless they are part of the contract agreement the parties entered into. Northwest, Inc. v. Ginsberg, 572 U.S. 273, 283–84 (2014). As a result, Defendant contends that "Plaintiffs' claim is preempted by the ADA because it directly implicates FedEx's prices and services and seeks to impose additional obligations on FedEx." (ECF No. 38 at PageID 270.) Defendant contends that "Plaintiffs here essentially allege they were misl[ed] as to what they were paying for," and such a "claim is more akin to a fraud or consumer protection claim related to FedEx's prices and services, which would be preempted by the ADA." (Id. at PageID 272.) Defendant contends that "[t]he

allegations also suggest it is inappropriate for FedEx to retain the full price paid for the service when they provided Plaintiffs an inferior service" and that such a "claim is akin to one for unjust enrichment, which is also preempted by the ADA." (Id.)

In response, Plaintiffs contend that "Plaintiffs' claim is based squarely on FedEx Express's self-imposed undertaking to deliver the package at the delivery speed for which they paid," so "[t]he claim is therefore not subject to ADA preemption." (ECF No. 44 at PageID 328.) Defendant, on Reply, contends that "plaintiffs cannot avoid preemption by styling a claim as a breach of contract when the facts do not support that the air carrier agreed to the pl[ed] contract terms." (ECF No. 46 at PageID 439.) Defendant contends that "[a]bsent proof that the defendant agreed to enter into the implied-in-fact contract on the terms asserted by plaintiff, there can be no implied-in-fact contract." (Id. at PageID 441.) (citing Durette v. Aloha Plastic Recycling, Inc., 105 Haw. 490, 504 (2004); Maria v. Freitas, 73 Haw. 266, 272 (1992).)

As discussed in more detail below, Plaintiffs have failed to plausibly allege that the delivery date was a term of any implied-in-fact contract between the Parties or that Defendant assented to delivery date as being a term of such a contract. For that reason, Plaintiffs' delay of delivery argument does not plausibly allege breach of the terms of the implied-in-fact contract and is instead alleging unjust enrichment or breach of other common law consumer protection doctrines that are pre-empted by the ADA. See Schulz v. United Airlines, 797 F. Supp. 2d 1103, 1107 (W.D. Wash. 2011) (holding that an additional charge for checked baggage and the defendant's "aspirational intention to deliver baggage in a timely manner" as stated on its website did not create a self-imposed undertaking or implied-in-fact contract); Martin v. DHL Express (USA), Inc., No. 3:21-cv-13363, 2022 WL 214047, at *4 (D.N.J. Jan. 20, 2022) (holding that an undisclosed service charge was more akin to a fraud or unjust enrichment claim rather than breach of contract).

B.     *The Complaint Fails to Plausibly Allege that the Delivery Date Is a Term of the Alleged Implied-in-Fact Contract.*

Defendant also contends that "Plaintiffs' implied-in-fact contract claim fails because the asserted 'contract' conflicts with the parties' written contract terms."  (ECF No. 38 at PageID 273.) Defendant contends that "the existence of the Terms and Conditions was disclosed on the point-of-sale terminal . . . and on their receipts," so even though Plaintiffs did not review them, they would still be subject to them.  (Id.)  Defendant also contends that "[t]o the extent Plaintiffs allege FedEx's contractual duties are defined solely by their interaction with the service counter employees, those interactions cannot bind FedEx or alter FedEx's contractual duties related to delayed shipments because Plaintiffs allege no facts showing that individual service counter employees have the power to contractually obligate FedEx."  (Id. at PageID 274.)

In response, Plaintiffs assert that "[t]he SAC makes detailed factual allegations explaining why Plaintiffs did not manifest assent to FedEx Express's Terms and Conditions when they purchased express package service."  (ECF No. 44 at PageID 334.)  Plaintiffs contend that "[t]he SAC specifically alleges that the role of the service representatives is solely to communicate to customers the express package services and rates offered by FedEx Express" and thus, the SAC does not allege that the representatives have actual or apparent authority to contract for FedEx. (Id. at PageID 338.)  Instead, Plaintiffs contend that "the contract for express package service between FedEx Express and the customer is formed by the customer's interaction with FedEx Express's electronic system and tender of payment for the service."  (Id.)

In reply, Defendant contends that "Plaintiffs have no factual basis for enforcing an implied-in-fact contract with a 'delivery speed' term."  (ECF No. 46 at PageID 435.)  Specifically, because Plaintiffs allege a contract purely by interaction with the electronic system:

> If Plaintiffs did not scroll down on the point-of-sale device, which they specifically
> disclaim doing to attempt to escape FedEx's Terms and Conditions, see Sec. Am.

Compl., ECF 36 ¶¶ 43, 55, the only terms they would have interacted with on the electronic system at the time of payment would be: shipper address, recipient address, pricing option (i.e. Standard Rate or One Rate), package type, weight, and price as reflected in this illustration inserted twice in Plaintiffs' Second Amended Complaint.  See id. ¶¶ 16, 20.

(Id.)  The image from the SAC is the following:



(SAC, ECF No. 36 ¶ 16.)   As a result, Defendant contends that "[t]here is no term reflecting 'delivery speed' displayed on the electronic device" and that "Plaintiffs thus cannot rely on the electronic system as the basis for FedEx agreeing—subjectively or objectively—to the 'delivery speed' term forming the basis of their Second Amended Complaint."  (ECF No. 46 at PageID 436.)   As a result, Defendant contends "that Plaintiffs failed to allege facts demonstrating FedEx's agreement to the implied-in-fact contract Plaintiffs allege."  (Id. at PageID 438.)   FedEx further contends that even if the Terms and Conditions are not part of the contract between the Parties, they "evidence an agreement quite different than the one Plaintiffs plead, rendering it implausible that FedEx agreed to the obligation Plaintiffs allege."  (Id. at PageID 439.)

7

Taking Plaintiffs' argument as true, that there is an implied-in-fact contract via the Plaintiffs' interaction with the electronic page confirming shipment details and their selecting "ship" without scrolling down, there is no plausible factual allegation that delivery speed was a part of that implied-in-fact contract, because such a term is missing from the electronic screen, at least as pled in Plaintiffs' Complaint.  (See SAC, ECF No. 36 ¶ 16.)  Thus, even if Plaintiffs are not bound by the Terms and Conditions, they have not put forth any factual allegations to show that Defendant is bound by their purported delivery speed obligation.  As a result, delivery speed cannot be a part of the implied-in-fact contract terms and instead imposes an additional obligation that is preempted by the ADA as discussed above.

## IV.    CONCLUSION

For the reasons set forth above, Defendant's Motion to Dismiss is **GRANTED**.


**SO ORDERED**, this 1st day of July, 2022.

                                                  /s/ Jon P. McCalla
                                        JON P. McCALLA
                                        UNITED STATES DISTRICT JUDGE